The case before you is before you with two questions. The first is whether the Commission's finding that Jurczak did not sustain a back injury as a result of her compensable injury is against the manifest weight of the evidence. There is no dispute that the patient's accident is compensable or that the injury to the knee is compensable. A finding of causal connection between the back and the compensable injury is clearly apparent and the record does not contain any evidence to support the Commission's ruling to the contrary. If it does not, how do you characterize Dr. Gnajem's opinion that there was no causal connection? Dr. Gnajem stated that she may have sustained a back sprain and an injury. So she testified she had no prior back problems, injuries, symptoms or treatment. No evidence was presented to the contrary. She treated the emergency room that documents, treats and diagnoses a back condition. The company records beginning the day after the injury document, treat and diagnose a back injury. The treating physicians Newman, Slack and Fisher document, treat and diagnose back conditions. And Dr. Gnajem's report indicates she may have sustained a back sprain which is also a back condition. She testified that she did not injure her back after September 21st, 2010 and the city presented no evidence to refute or revoke that testimony. As such, all of the evidence is consistent and documents a causal connection between a back injury and the compensable accident of September 21st, 2010. Let's go over Dr. Gnajem. You keep saying there's no evidence to the contrary. So I want to read the Commission's decision. It relied on Dr. Gnajem's opinion that the claimant's current condition of ill-being was not at risk for aggravation given the mechanism of injury and that the claimant's degenerative changes would have predated the September 20th accident. Dr. Gnajem replied that a lumbar strain did not progress but rather the claimant had non-compressive disc pathology. Dr. Gnajem said the claimant would have sustained the adverse to back sprain following the accident and she should have been able to return to full duty work without restrictions. Thus, the Commission determined that the claimant had failed to prove that her low back condition arose out of in the course of the employment. So Gnajem's opinion provides no support for the opposite conclusion. So I believe that there's two findings of causal connection in this, in the Commission's decision. One is, is there a back, is there an injury to the back? And then the second would be, is there a causal connection between the treatment sought, being the surgery, to remove the hardware, and the injury? So I believe that there's no evidence to the contrary that she did indeed suffer an injury to her back. And that being what? What was the injury? At a minimum, would be a back sprain. At a minimum, based on Dr. Gnajem's report. And you said that would resolve? The question of, the Commission did not weigh what the condition was, because that was not before them. This was in 19-B-8-A. So if the Commission doesn't have the right at this point to weigh what that condition is and award benefits based upon that condition, the only thing that they can do is say whether or not the condition is connected. And I believe there is no evidence that a back condition is not causally connected. A back condition is indeed causally connected. So then that brings us to the second question, which would be, is the treatment recommended, is that causally connected to the accident itself? And I would say again, yes, I believe that the manifesto of the evidence does prove that it is. But Dr. Gnajem said that at most she suffered was a sprain. And I believe that because of the fact that, correct, that's what Dr. Gnajem said. However, the Commission is saying that there is no intervening accident which breaks the causal connection. And under the chain of events theory, I believe the Commission misapplied that rule of law. They stated she wasn't in a condition of good health because she had a prior knee condition. I think that that's forcing the petitioner not the act. The purpose of the act is that we take the injured worker the way that we find them. There is no requirement that an injured worker prove that they have no preexisting conditions. But that's not the point. The point is she has to prove that the work-related accident was an aggravation of the preexisting injury that produced the current condition of ill-being. Now, if the only thing she proves, a minor aggravation of low back, an injury that arguably is a strain, aggravated a prior existing degenerative changes in L4-5 and L5-S1, and that it resolved and was not causally related to her current condition of ill-being, what is she entitled to? She's entitled to have the Commission weigh the evidence accordingly. They did. They said they believed Ganiyam. They said they believed him. But there's nothing that report says. Dr. Ganiyam's report states that and confirms that she had no prior preexisting condition of ill-being. There's no treatment. There's no accident. If she had degenerative changes, she was still working her full duty on the day of accident. Okay. And there's no evidence to the contrary. So when the Commission looks at the chain of events theory, the reason why they rejected it was based upon a prior knee injury, not a back injury. And that's why I believe that that has been weighed incorrectly. There's no evidence of any intervening accident to break the causal connection between the initial surgery, the initial diagnosis and the surgery site. There's no evidence of a condition of ill-health with respect to the back prior to the day of accident. Again, we are required to take our injured workers the way that we find them. And the Commission's argument that the prior condition of ill-being with respect to the knee bars recovery for the back goes against the purpose of the act. Is that what they found? That because she recovered on the knee, she couldn't recover on the back? Is that what they said? I believe in the decision on remand, that's what they found. They admitted that? They said that? I believe so, yes. Okay. You point that out to us when they said that she recovers on one part of the body, she can't recover on the other. Okay. I need one moment. I'm sorry. I'd like to hear that. The Commission was, therefore, of the opinion that Petitioner failed to establish a condition of good health prior to the accident. Thus, the Commission acknowledged her pre-existing condition and determined that her pre-existing condition was aggravated by the work accident and did not rely upon the change of events theory. And in this case, and the paragraph before that, I'm sorry, here, the page before on page 3. While Petitioner may have been able to perform her job duties prior to the second accident, the record does not demonstrate a prior condition of good health. Rather, the record is replete with evidence of her prior right-to-knee condition resulted in permanent restrictions and had significant impact on her daily life. That's an admission that because she recovers a knee, she can't recover from the back? No. What I'm saying is you can't say that her prior condition of ill-being with respect to the knee knocks her out of the box for the back. Well, did they say that? That was my interpretation. I think that's a little bit of a stretch. I have nothing further at this time. Okay. You have time to reply. Thank you. Thank you. You may respond. Good afternoon. May it please the Court, my name is Alsha Heard Alumnus, and I represent the defendant in the county city of Chicago in this case. At this time, I would request that this Honorable Court affirm the decision of the Circuit Court confirming the two decisions of the Illinois Workers' Compensation Commission denying benefits for the Petitioner's low back because her current condition is not related to the accident of September 21, 2010. First, I would like to point out that the Commission's two decisions were factual determinations based on the evidence presented in the record. Therefore, and this is not disputed by the Petitioner, the standard of review is manifest weight of the evidence. I would argue that the Commission's two decisions should not be disturbed because there was sufficient evidence in the record to support them. Is it your position that on September 21, 2010, nothing happened that would have caused the problem for the claimant's back? That is not exactly our position. Dr. Ganiam did indicate that there may have been a back strain at the time. There is some indication at the time that she sustained a back strain. However, Dr. Ganiam, as well as her treating doctor, Dr. Newman, as well as Dr. Fisher indicated that she did not sustain any type of neurological problem that would require a fusion. So taking the jump from a muscular problem, being the back strain, to a neurological condition, a disc compression pathology, would not, there's no connection there. There's no opinion by a doctor saying that this back strain somehow has manifested itself into a neurological problem. So that's the link missing in the opposing counsel's argument is between the strain did not turn into this pathology that they're claiming they should be compensated by. Correct. And I believe that that was Dr. Ganiam's opinion as well, that the Commission did rely upon it twice. And I would argue that since the Commission relied upon Dr. Ganiam's opinions, which were well thought out in the record, that there is evidence in the record to support the Commission's decision, and therefore the decision should be upheld and affirmed by this court. The petitioner has asked the court to reexamine the evidence and rely upon the chain of events theory in order to show that the low back condition was causally related. However, again, the Commission has rejected that theory twice as regards to the low back and should also be upheld. Again, as you indicated, the petitioner has failed to show the connection between the back strain and the surgery that was required. Dr. Ganiam indicated that her subjective symptoms did not correlate to the neurological findings on MRI or surgically. Dr. Newman indicated that her neurologic exam at the time in November of 2010 was normal. Finally, counsel has indicated that the petitioner consistently testified and there was no evidence to rebut that there was any prior back problems. However, she reported to her surgeon, Dr. Fisher, that she had had back pain for over 10 years when she was hit by a car in 2002. She did testify to this previous accident and she did indicate that she was symptomatic in her low back for approximately 10 years to Dr. Fisher. Dr. Fisher indicated in his surgical report and prior reports in history and physicals that the petitioner's low back pain has been present for 10 years and hence she's undergoing this fusion surgery. I believe it's clear from the record that the Commission relied on the credible evidence denying benefits for the petitioner's low back condition. As such, I would request this Honorable Court affirm the Commission's decisions. Thank you, counsel. Counsel, you may reply. I believe that the treating records do contain that causal connection and show how her condition progressed. As such, the appellant requests this Honorable Court find both of the Commission's causal connection findings were against the manifest weight of the evidence. Thank you. Thank you, counsel, both for your arguments on this matter. It will be taken under advisement and a written disposition shall issue.